**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Raul Manuel MEDINA–MEDINA,**
*Defendant–Appellant.*

No. 06–40995
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

July 30, 2007.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before DeMOSS, STEWART and PRADO, Circuit Judges.

PER CURIAM: *

Raul Manuel Medina–Medina (Medina) appeals his conviction and sentence for illegal reentry. Medina argues, and the Government correctly concedes, that the district court plainly erred in assessing a 16–level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii) on the basis of Medina's 1996 Texas conviction for retaliation; therefore, his sentence should be vacated and his case remanded for resentencing. *See United States v. Martinez–Mata*, 393 F.3d 625, 628–29 (5th Cir.2004).

Medina's constitutional challenge to 8 U.S.C. § 1326(b) is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Medina contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez*, 410 F.3d 268, 276 (5th Cir.2005). Medina properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED IN PART; VACATED IN PART; REMANDED FOR RESENTENCING.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.